UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONTY L. MOORE,

        Plaintiff,

    v.

KITTITAS COUNTY FIRE DISTRICT NO. 8, *et al.*,

        Defendants.

CASE NO. C14-1702 RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(3) for improper venue, or, in the alternative, for failure to state a claim under Rule 12(b)(6). Dkt. #13. Defendants argue that the actions giving rise to the claims did not occur in this District and that they are not domiciled in this District, and therefore the matter should have been brought in the Eastern District of Washington. *Id.* Alternatively, Defendants assert that Plaintiff fails to state any plausible claims for relief. *Id.* Plaintiff responds that two of the three individual Defendants are domiciled in this District, and therefore the matter is properly brought here. Dkt. #15. Plaintiff further argues that his claims have been properly pled and are not subject to dismissal. *Id.* For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.

ORDER
PAGE - 1

## II.     BACKGROUND

This case arises from allegations of wrongful discharge from employment. Plaintiff Monty Moore is the former Fire Chief for Kittitas County Fire District No. 8. Dkt. #1 at ¶ 3.1. According to Plaintiff, he was employed in that position from 1995 until May 4, 2013.[1]  *Id.* Plaintiff's employment with the Fire District was under a contract that contained a "For Cause" termination clause.  *Id.* at ¶ 3.4 and Ex. 1 at ¶ 4.

In 2012, Plaintiff was going through a divorce.  *Id.* at ¶ 3.8. During the divorce proceedings, a domestic restraining order was issued.  *Id.* Plaintiff and his wife had contacts considered to be violations of the restraining order.  *Id.* at ¶ 3.9. As a result, Plaintiff was arrested on July 19, 2012.  *Id.* at ¶ 3.10. On July 29, 2012, the Fire District placed Plaintiff on paid administrative leave pending a decision on the charges.[2]  *Id.* at ¶¶ 3.10-3.11. Upon his leave, the Fire District wrote to Plaintiff that it hoped the matter would be positively resolved and that he would be able to return to normal duty.  *Id.* at ¶ 3.11.

Plaintiff Moore went to a jury trial on the charges related to the alleged violations of the restraining order.  *Id.* at ¶ 3.13. The trial concluded on April 26, 2013, and he was found not guilty on all charges.  *Id.* The same day, Plaintiff requested to resume his duties at the Fire District.  *Id.* at ¶ 3.14.

On May 4, 2013, after entering into executive session to discuss the request, the Fire District asked Plaintiff to resign.  *Id.* at ¶ 3.15. Plaintiff was also apparently told that if he did not resign, he would be investigated for his conduct over the previous years.  *Id.* He was told

---

[1]   During that time, between 2000 and August of 2013, Plaintiff was also employed as a sergeant in the Cle Elum Police Department.  *Id.* at ¶ 3.3.

[2]   Plaintiff was also suspended with pay from the Cle Elum Police Department.  *Id.* at ¶ 3.10.

ORDER
PAGE - 2

no information about what was being investigated or how the investigation would be conducted. *Id.* However, Plaintiff declined to resign.

Fire Commissioner Teri Sittauer then moved to terminate Plaintiff's employment with the District, which the Board approved. Dkt. #1 at ¶ 3.17. The Board informed local media that Plaintiff had been terminated for personnel reasons. *Id.* at ¶ 3.18. Plaintiff requested a pre-termination hearing, but the request was rejected. *Id.* at ¶ ¶ 3.19-3.20. Plaintiff was informed that he has not been terminated for any disciplinary reason and no allegations of misconduct had been heard. *Id.* at ¶ 3.20. The instant matter followed.

### III.   DISCUSSION

**A. Standards of Review**

*1. Motions Under 12(b)(3)*

Rule 12(b)(3) authorizes a court to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). 28 U.S.C. § 1391 governs venue in civil actions, and provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .". "[I]n the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand [a 12(b)(3)] motion to dismiss." *Brayton Purcell LLP v. Recordon &* Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quotation omitted). The Court may consider evidence outside the pleadings when determining venue, and the presence of contradictory evidence requires the

ORDER
PAGE - 3

court to "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

  *2. Domicile of Defendants*

  Defendants' venue challenge is based on the assertion that they are all domiciled in Kittitas County, WA, and that none of the alleged events or omissions occurred in this District. Dkt. #13 at 3-8. In response, Plaintiff contends that at least two of the Defendants are actually domiciled in this District, and therefore venue is appropriate. Dkt. #15 at 5-9. In support of his contention, Plaintiff asserts *inter alia* the following:

1. Fire Commissioner Robert Angrisano and his wife "have consistently maintained and advertised" that they are domiciled in Fall City, WA;

2. Fire Commissioner Teri Sittauer and her husband "have consistently maintained and advertised" that they are domiciled in Arlington, WA.

3. Service of process occurred in Fall City, WA and Arlington, WA;

4. Both couples own vacation homes near Easton, WA, but are rarely there;

5. Robert Angrisano has represented in other legal matters that he resides in Fall City, WA;

6. Ms. Sittauer often participates in Fire District Meetings via speaker phone from her home in Arlington; and

7. Mr. Angrisano takes part in the management of the District from his home in Fall City, WA, and met with former Chief Moore in King and Snohomish Counties.

Dkts. #15 at 5-6, #16 and #17. While not conceding the truth or accuracy of these statements, Defendants acknowledge that the Court must accept these allegations as true for purposes of this motion, but argues that because the individual Defendants have been sued in their official

ORDER
PAGE - 4

capacities, the proper venue is where their official duties are performed, and therefore, the allegations regarding their personal residences are of no import. Dkt. #18 at 2.

As many federal courts have recognized, "[w]hat controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant." *Reuben H. Donnelley Corp. v. Fed. Trade Comm'n,* 580 F.2d 264, 267 (7th Cir. 1978); *Lamont v. Haig,* 192 U.S. App. D.C. 8, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978); William W. Schwartzer *et al.,* Federal Civil Procedure Before Trial 114:426 (2007). Plaintiff has sued three of the four individual defendants, including Angrisano, Watts and Sittauer in their official and individual capacities. Dkt. #1 at ¶ ¶ 1.3-1.5. He has sued Defendant Houseberg in his individual capacity only. *Id.* at ¶ 1.6. However, Plaintiff presents venue arguments only with respect to Defendants Angrisano and Sittauer, and only with respect to their personal residences. He does not appear to dispute that the other individual defendants are domiciled in the Eastern District of Washington.

With respect to the Fire District, Plaintiff asserts that it conducts "substantial activities" in the Western District of Washington, with no support other than a bare assertion by Plaintiff. *See* Dkt. #16 at ¶ 12. Regardless, he does not assert that the activities leading to his termination occurred in this District, nor does he assert that the District is domiciled in the Western District.

As a result, the Court finds that venue is not proper in this District, and will dismiss this case.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #13) is GRANTED.

2) This case is DISMISSED without prejudice to re-filing in a different court.

3) This case is now CLOSED.

DATED this 10 day of February, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6